UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PRINCE TOBURAS JERMAINE ROLLE,

Petitioner,

v.   Case No. 6:13-cv-1820-Orl-28DAB
(6:09-cr-103-Orl-28DAB)

UNITED STATES OF AMERICA,

Respondent.

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Prince Toburas Jermaine Rolle. The Government filed a response (Doc. No. 7) to the section 2255 motion. Petitioner was provided an opportunity to file a reply to the Government's response but did not do so.

Petitioner alleges one claim for relief. For the following reasons, the § 2255 motion is denied.

I.  *Procedural History*

Petitioner was charged by indictment with conspiracy to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 846 (count one) and possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Criminal Case No. 6:09-cr-103-Orl-28DAB, Doc. No. 4).[1] On

---

[1] Criminal Case 6:09-cr-103-Orl-28DAB will be referred to as "Criminal Case."

December 11, 2009, Petitioner entered a plea of guilty as charged. *Id.* at Doc. No. 34. The Court accepted Petitioner's plea on April 8, 2010. *Id.* at Doc. No. 40. The Court sentenced Petitioner to concurrent 112-month terms of imprisonment. *Id.* at Doc. No. 65. Judgment was entered on February 9, 2011. *Id.*

Petitioner did not appeal. He filed the instant motion on November 19, 2013, under the mailbox rule.

## II. Analysis

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under the time limitation set forth in § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion. Petitioner's Judgment was

2

entered on February 9, 2011, and he did not file a direct appeal. Therefore, his conviction became final on February 23, 2011, when the time for filing an appeal expired. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires); *see also* Fed. R. App. P. 4(b); Fed. R. App. P. 26(a). Thus, Petitioner had through February 23, 2012, to file his § 2255 motion. However, the instant proceeding was not filed until November 19, 2013, under the mailbox rule. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

Nevertheless, Petitioner argues that his motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *See* Doc. No. 2. As noted previously, § 2255 grants a petitioner one year to file a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

*Alleyne* issued on June 17, 2013. Petitioner's § 2255 motion was filed within one year from that date. However, the Eleventh Circuit Court of Appeals held that "*Alleyne*'s rule does not apply retroactively on collateral review." *Chester v. Warden*, 552 F. App'x 887, 891 (11th Cir. 2014). Thus, § 2255(f)(3) is not applicable.

3

Petitioner also asserts that he is actually innocent of his sentence to overcome the statute of limitations. A showing of actual innocence may relieve habeas petitioners from the burdens imposed by 28 U.S.C. § 2244(d). *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Thus, arguably a showing of actual innocence may relieve a petitioner from the burdens imposed by § 2255(f). "A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction 'probably resulted' from 'a constitutional violation.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "'[A]ctual innocence' means *factual* innocence, not mere legal insufficiency." *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (emphasis in original).

Petitioner has not demonstrated that he is actually innocent of his convictions to overcome the untimely filing of his § 2255 motion. *See, e.g., McKay*, 657 F.3d at 1196–98 (holding that a petitioner must establish that he is factually innocent of one of his prior convictions to establish application of fundamental miscarriage of justice exception to overcome procedural bar for claim of sentencing error based on career offender designation); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) ("When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice."); *Crawford v. United States*, 501 F. App'x 943

4

(11th Cir. 2012). Accordingly, Petitioner's motion was untimely filed and must be dismissed.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Prince Toburas Jermaine Rolle is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:09-cr-103-Orl-28DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 68) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this

---

[2] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States*

case.

        **DONE AND ORDERED** in Orlando, Florida, this __31__ day of March, 2015.

                                      JOHN ANTOON II
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Prince Toburas Jermaine Rolle

---

*District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11.